**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRANCH BANKING & TRUST
COMPANY,
<u>Plaintiff,</u>

v.

REPUBLIC WESTERN INSURANCE
COMPANY,
<u>Defendant & Third Party Plaintiff-
Appellee,</u>

v.

REFLECTIONS CAR WASH, LLC; C.
LYNN WHITE; SANDRA M. WHITE;
DIANE BRACKETT RIVERS; A.
DONOVAN RIVERS, SR.; JAMES F.

ALEXANDER; MARTHA B. ALEXANDER;                     No. 99-1152
GEORGE W. BRACKETT; ANN E.
BRACKETT; RICHARD J. MILLER,
M.D.; CHARLES M. EVANS; A.
DONOVAN RIVERS, JR.; CAROLYN
RIVERS; BARBARA J. KAISER,
<u>Third Party Defendants-
Appellants,</u>

and

AMERICAN SURETY AGENCY,
INCORPORATED; AMERICAN INSURANCE
AGENCIES, INCORPORATED,
<u>Third Party Defendants.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CA-96-473-3-P)

Argued: October 27, 1999

Decided: November 16, 1999

Before WIDENER and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gerard Alford Bos, WILSON & BOS, Charlotte, North Carolina, for Appellants. Spencer Dean Hamrick, WAGGONER, HAMRICK, HASTY, MONTEITH & KRATT, P.L.L.C., Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Branch Banking & Trust Company ("the Bank") filed suit in the United States District Court for the Western District of North Carolina against the Republic Western Insurance Company ("Republic") for payment on bonds issued on behalf of Republic as collateral on a loan to Reflections Car Wash, L.L.C. ("Reflections"). Republic in turn filed a third-party complaint against Reflections, the individual principals on the bonds, the American Surety Agency ("ASA"), and the American Insurance Agency ("AIA"). Reflections and the individual principals on the bonds then counterclaimed against Republic for a variety of claims related to Republic's failure to pay on the bonds.

2

The district court granted the Bank's motion for summary judgment against Republic and Republic's motion for summary judgment against Reflections and the other third-party defendants, and it rejected a motion by Reflections and the individual principals for partial summary judgment against Republic. Reflections and the individual principals appeal; finding no error, we affirm.

On June 27, 1994, the Bank lent Reflections $2,500,000 to construct and operate a car wash in Charlotte, North Carolina. Part of the collateral for the loan consisted of ten bonds issued by AIA as a sub-agent of ASA, allegedly on behalf of Republic. Republic subsequently notified Reflections and ASA that it believed the bonds were neither valid nor enforceable.

On July 18, 1996, the Bank declared Reflections in default. The Bank then entered into a Forbearance Agreement on August 21, 1996, with Reflections, Republic, and the principals on the bonds that delayed foreclosure until September 23, 1996. On October 8, 1996, the Bank demanded payment on the bonds from Republic, and Republic declined to pay.

On October 28, 1996, the Bank filed the instant suit against Republic for payment on the bonds, Republic filed a third-party complaint against Reflections, the principals on the bonds, ASA, and AIA, and Reflections filed a counterclaim against Republic for causing damage to Reflections' ability to avoid default and foreclosure by refusing to pay on the bonds. Reflections further claimed that by failing to pay on the bonds Republic had violated the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 (1999).

The district court, reasoning that regardless of the validity of the initial issuance of the bonds Republic had ratified the bonds by accepting the premiums on them, granted the Bank's motion for summary judgment against Republic. That judgment has now been satisfied. The district court also granted Republic's motion for summary judgment against Reflections on the grounds that once Republic had satisfied Reflections' obligation to the Bank, it was entitled to subrogation of the Bank's rights against Reflections. Finally, the district court denied Reflections' motion for partial summary judgment against Republic, reasoning that the Bank did not call on Republic to

3

pay the bonds until after Reflections had failed to honor its obligations to the bank, and therefore that Republic's failure to pay upon demand had not damaged Reflections. The district court further found that Republic's actions, as merely a breach of contract, did not rise to the level of unfair or deceptive trade practices.

Reflections appeals the grant of Republic's motion for summary judgment against Reflections and the denial of Reflections' motion for partial summary judgment against Republic, arguing that the district court improperly granted summary judgment to Republic and that genuine issues of material fact remain. We have reviewed the record and briefs and considered the oral arguments of parties, and we are persuaded that the district court is correct. We therefore affirm on the basis of the district court's opinion. <u>See Branch Banking and Trust Co. v. Republic Western Insurance Co. v. Reflections Car Wash, L.L.C., et al.</u>, No. 3:96 CV 473-P (W.D.N.C. July 22, 1998).

<u>AFFIRMED</u>

4